UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>STATE OF WASHINGTON ,<br>PUYALLUP TRIBE OF INDIANS, and<br>MUCKLESHOOT INDIAN TRIBE,<br><br>　　　　　　　　　Plaintiffs,<br><br>　　　v.<br><br>RYDER SYSTEM INC., a Florida<br>Corporation,<br><br>　　　　　　　　　Defendant. | Civil No.  C06-5072RJB<br><br>CONSENT DECREE |

I. <u>INTRODUCTION</u>

The United States, on behalf of the National Oceanic and Atmospheric Administration ("NOAA") and the United States Department of the Interior; the State of Washington (the "State")

CONSENT DECREE - Page 1

U.S. Department of Justice
NOAA GC - DOJ DARC
7600 Sand Point Way NE
Seattle, WA 98115-0070
(206) 526-6604

1  through the Washington State Department of Ecology; the Puyallup Tribe of Indians; and the
2  Muckleshoot Indian Tribe (collectively, "Plaintiffs"), have filed a complaint in this case against
3  defendant Ryder System Inc. ("Defendant") pursuant to Section 107 of the Comprehensive
4  Environmental Response, Compensation and Liability Act of 1980, as amended (CERCLA), 42
5  U.S.C. § 9607; the Model Toxics Control Act (MTCA), chapter 70.105D RCW; Section 311 of the
6  Clean Water Act (CWA), 33 U.S.C. § 1321; and Section 1002(b)(2)(A) of the Oil Pollution Act of
7  1990 (OPA), 33 U.S.C. § 2702(b)(2)(A).  This Consent Decree (the "Decree") addresses the claims
8  asserted in the Complaint against Defendant for Natural Resource Damages (as defined below) in the
9  Commencement Bay Environment (as defined below).

## II. RECITALS

11  A. The United States Department of Commerce, acting through NOAA; the United
12  States Department of the Interior; the Washington State Department of Ecology on behalf of the
13  State of Washington; the Puyallup Tribe of Indians; and the Muckleshoot Indian Tribe (collectively,
14  the "Trustees" and, individually, a "Trustee"), under the authority of Section 107(f) of CERCLA, 42
15  U.S.C. § 9607(f), Section 1006(b) of OPA, 33 U.S.C. § 2706(b), and 40 C.F.R. Part 300, subpart
16  G, serve as trustees for Natural Resources for the assessment and recovery of damages for injury to,
17  destruction of, and loss of Natural Resources under their trusteeship.

18  B. Investigations conducted by the United States Environmental Protection Agency
19  ("EPA"), the Trustees, and others have detected hazardous substances in the sediments, soils and
20  groundwater of the Commencement Bay Environment, including but not limited to arsenic, antimony,
21  cadmium, chromium, copper, mercury, nickel, lead, zinc, bis(2ethylhexyl)phthalate,
22  hexachlorobenzine, hexachlorobutadiene, polycyclic aromatic hydrocarbons ("PAHs"), and
23  polychlorinated biphenyls (PCBs). Overall, the Trustees have documented the presence of over 30
24  hazardous substances in the marine sediments of Commencement Bay's Hylebos Waterway.

25  C. The Trustees began assessing Natural Resource Damages in the Commencement Bay
26  Environment in October 1991 by finding that hazardous substances had been released into the
27  Commencement Bay Environment; that public trust Natural Resources had likely been injured by the

CONSENT DECREE - Page 2

U.S. Department of Justice
NOAA GC - DOJ DARC
7600 Sand Point Way NE
Seattle, WA 98115-0070
(206) 526-6604

1  releases; that data sufficient to pursue a Natural Resource Damage assessment were available or could
2  likely be obtained at a reasonable cost; and that, without further action, implemented and planned
3  response actions would not adequately remedy the resource injuries.  See Preassessment Screen of
4  Natural Resource Damages in the Commencement Bay Environment Due to Activities Taking Place
5  In and About the Commencement Bay/Nearshore Tideflats (CB/NT) Superfund Site (October 29,
6  1991).  The Trustees notified representatives of known potentially responsible parties ("PRPs") of
7  their intent to conduct a damage assessment.  The Trustees subsequently entered into a Funding and
8  Participation Agreement for Phase 1 of the Commencement BayWide Natural Resource Damage
9  Assessment, dated February 10, 1993, with several of the major PRPs.  The Trustees published a
10 report on the results of Phase 1 of the damage assessment process in June 1995.  The PRPs did not
11 participate in subsequent stages of the damage assessment, and the Trustees continued the process
12 independently.  The Trustees have now completed a series of studies during Phase 2 of the damage
13 assessment, focusing on impacts of contaminants on marine sediments, benthic organisms, flatfish and
14 salmonids.  Results of those studies were published in a series of reports, consisting of
15 Commencement Bay Natural Resource Trustees, 1996, Hylebos Waterway Data and Data Analysis
16 Report; Collier, T.K., L.L. Johnson, M.S. Myers, C.M. Stehr, M.M. Krahn, and J.E. Stein, 1998, Fish
17 injury in the Hylebos Waterway in Commencement Bay, Washington; Mary R. Arkoosh, Ed Casillas,
18 Tracy K. Collier, Margaret M. Krahn and John E. Stein, 1998, Effects of Chemical Contaminants
19 from the Hylebos Waterway on Disease Resistance of Juvenile Salmon; Ed Casillas, BichThuy L.
20 Eberhart, Frank C. Sommers, Tracy K. Collier, Margaret M. Krahn and John E. Stein, 1998, Effects
21 of Chemical Contaminants from the Hylebos Waterway on Growth of Juvenile Chinook Salmon; and
22 Ed Casillas, BichThuy L. Eberhart, Tracy K. Collier, Margaret M. Krahn and John E. Stein, 1998,
23 Exposure of Juvenile Chinook Salmon to Chemical Contaminants Specific to the Hylebos Waterway.
24 Based on this research, the Plaintiffs and Defendant (collectively, the "Parties" and, individually, a
25 "Party") agree that no further Natural Resource Damage assessment is required to effectuate the
26 purposes of this Consent Decree, with respect to Defendant.
27
28

CONSENT DECREE - Page 3

U.S. Department of Justice
NOAA GC - DOJ DARC
7600 Sand Point Way NE
Seattle, WA 98115-0070
(206) 526-6604

D. Plaintiffs have filed a complaint (the "Complaint") pursuant to section 107 of CERCLA, 42 U.S.C. § 9607; MTCA, chapter 70.105D RCW; CWA, 33 U.S.C. §§ 1251 et seq.; and OPA, 33 U.S.C. §§ 2701 et seq., seeking recovery from Defendant of damages for injury to, destruction of, and loss of Natural Resources resulting from releases of hazardous substances into the Commencement Bay Environment, including the costs of assessing the damages.

E. Plaintiffs allege in the Complaint that Defendant owns or in the past owned and/or operated real property or facilities, identified by the Trustees as the CENEX AG site, from which storm water, surface water runoff, wastewater, other process discharges, and/or groundwater have flowed to the Commencement Bay Environment. Plaintiffs also allege that investigations by EPA and others have detected concentrations of hazardous substances in soils, groundwater and sediments on or in those properties or facilities. Some of these hazardous substances are found in the sediments of the Commencement Bay Environment.

F. Plaintiffs further allege that hazardous substances have been or are being released to the Commencement Bay Environment from properties or facilities owned and/or operated by Defendant through direct discharge, surface water runoff, groundwater and seeps, and that those hazardous substances have caused injury to, destruction of and loss of Natural Resources in the Commencement Bay Environment under Plaintiffs' trusteeship, including fish, shellfish, invertebrates, birds, marine sediments, and resources of cultural significance. Plaintiffs further allege that each of them and the public have suffered the loss of Natural Resource services (including ecological services as well as direct and passive human use losses) as a consequence of those injuries.

G. Plaintiffs allege that the Defendant is (a) the owner and/or operator of a vessel or a facility; (b) a person who at the time of disposal or release of any hazardous substance owned or operated any facility at which such hazardous substances were disposed of; (c) a person who by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, of hazardous substances owned or possessed by such person, by any other party or entity, or otherwise generated any hazardous substance disposed of or treated, at any facility or incineration vessel owned or operated by another party or entity and containing such

CONSENT DECREE - Page 4

U.S. Department of Justice
NOAA GC - DOJ DARC
7600 Sand Point Way NE
Seattle, WA 98115-0070
(206) 526-6604

1  hazardous substances; and/or (d) a person who accepts or accepted any hazardous substances for
2  transport to disposal or treatment facilities, incineration vessels or sites selected by such person from
3  which there is a release or a threatened release of a hazardous substance that causes the incurrence
4  of response costs within the meaning of 42 U.S.C. § 9607 and RCW 70.105D.040.

5      H.    Defendant denies all the allegations of the Complaint.

6      I.    Although the Trustees have initiated but not yet completed a Natural Resource
7  Damage assessment for the Commencement Bay Environment, the Trustees have developed and
8  analyzed information sufficient to support a settlement that is fair, reasonable and in the public
9  interest.

10      J.    To facilitate resolving Natural Resource Damage claims, the Trustees developed a
11  proposed allocation of Hylebos Waterway Natural Resource Damages liability among Hylebos
12  Waterway PRPs solely for settlement purposes.  Relying upon the results of the damage assessment
13  studies, remedial investigations, regulatory standards, and scientific literature, the Trustees first
14  developed an estimate of the amount of injury to Natural Resources that had occurred as a result of
15  releases of hazardous substances to the Hylebos Waterway.  The Trustees quantified the effects of
16  the injuries in terms of the losses of ecological services over affected areas of the waterway and over
17  time, discounted to the current year.  The Trustees used the term discounted ecological service acre-
18  years (DSAYs) to describe both the scale of the injuries, and the amount of habitat restoration they
19  are seeking to compensate for the injuries.  For the Hylebos Waterway, the Trustees are seeking to
20  recover from all PRPs funds, property and/or in-kind services needed to generate habitat restoration
21  sufficient to compensate for the loss of 1526.77 DSAYs.

22      K.    Plaintiffs assert that hazardous substance releases to the Hylebos Waterway have
23  become dispersed and commingled to the extent that the effects of one PRP's releases cannot be
24  readily distinguished from another's.  Plaintiffs further assert that the circumstances of the Hylebos
25  Waterway contamination make all PRPs who contributed to the contamination jointly and severally
26  liable for all injuries to Natural Resources that have resulted from the contamination.  As a
27  consequence, Plaintiffs assert the right to recover for the loss of all 1526.77 DSAYs from any
28

CONSENT DECREE - Page 5

U.S. Department of Justice
NOAA GC - DOJ DARC
7600 Sand Point Way NE
Seattle, WA 98115-0070
(206) 526-6604

Hylebos Waterway PRP. Without prejudice to their position, and solely for purposes of facilitating settlement with individual PRPs, the Trustees have developed a proposal for allocating liability for the 1526.77 DSAYs among the PRPs. Independent consultants hired by the Trustees reviewed existing information from the files of EPA, the Washington State Department of Ecology, and local public libraries to allocate liability among the various Hylebos Waterway facilities that contributed to the contamination.

L. To insure that all PRPs had an equal opportunity to be informed of and to offer their views on the Trustees' settlement proposal, in April 2002 the Trustees presented their report on the proposed allocation to the public for notice and comment. The Trustees took comments for 60 days, revised the report based upon the comments received, and made it available to PRPs in final form.

M. The Trustees' report allocated liability for DSAY losses for settlement purposes among the various industrial sites along the Hylebos Waterway. As a result of their allocation process, the Trustees allocated a total of 0.426 DSAYs to Defendant. The Trustees also allocated a total of $3,686.61 in damage assessment costs relating to the Hylebos Waterway to Defendant.

N. The Trustees quantified Natural Resource Damages in their Hylebos Waterway report in terms of DSAYs in order to encourage settling parties to resolve their liability by constructing habitat restoration projects. For parties who prefer settling on a cash-damages basis, the Trustees reviewed data from existing restoration projects and estimated it would cost fifty-two thousand dollars ($52,000.00) per DSAY if the Trustees themselves constructed the required restoration projects. The cash damages equivalent of the 0.426 DSAYs allocated to Defendant totals $22,152.00. When combined with the damage assessment costs allocated to Defendant, the dollar value of the Trustees' claim asserted against Defendant totals $25,838.61. The Trustees have agreed to settle their Natural Resource Damage claims against Defendant associated with the Commencement Bay Environment for cash payments totaling $25,838.61 in Natural Resource Damages and damage assessment costs. Defendant has agreed to pay the Trustees the identified sum

CONSENT DECREE - Page 6

U.S. Department of Justice
NOAA GC - DOJ DARC
7600 Sand Point Way NE
Seattle, WA 98115-0070
(206) 526-6604

in return for the Trustees' covenants not to sue Defendant for Natural Resource Damages as provided below in Paragraph 16.

O.  Defendant denies any liability to Plaintiffs arising out of the transactions or occurrences alleged in the Complaint.

P.  Plaintiffs and Defendant agree, and this Court by entering this Decree finds, that this Decree has been negotiated by the Parties in good faith; that settlement of this matter will avoid prolonged and complicated litigation between the Parties; and that this Decree is fair, reasonable, and in the public interest.

THEREFORE, with the consent of the Parties to this Decree, it is ORDERED, ADJUDGED, AND DECREED:

### III.  JURISDICTION AND VENUE

1.  This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331, 1345 and 1367, 42 U.S.C. §§ 9607 and 9613(b) and 33 U.S.C. § 2717(b). The Court has personal jurisdiction over the Parties.  Solely for the purposes of this Decree and the underlying Complaint, the Parties waive all objections and defenses that they may have to jurisdiction of the Court or to venue in this District.  The Parties may not challenge the terms of this Decree or this Court's jurisdiction to enter and enforce this Decree.

### IV.  PARTIES BOUND

2.  This Decree is binding upon the United States, the State, the Puyallup Tribe of Indians, the Muckleshoot Indian Tribe and upon Defendant and their heirs, successors and assigns. Any change in ownership or corporate or other legal status, including but not limited to any transfer of assets or real or personal property, will in no way alter the status or responsibilities of Defendant under this Decree.

### V.  DEFINITIONS

3.  Unless otherwise expressly provided, terms used in this Decree that are defined in CERCLA or in regulations promulgated under CERCLA have the meanings assigned to them in

CONSENT DECREE - Page 7

U.S. Department of Justice
NOAA GC - DOJ DARC
7600 Sand Point Way NE
Seattle, WA 98115-0070
(206) 526-6604

1   CERCLA or in such regulations.  Whenever the terms listed below are used in this Decree or in any
2   attached appendix, the following definitions will apply:
3         a.    "Commencement Bay Environment" means the waters of Commencement Bay,
4   State of Washington including the shoreline, intertidal areas, tributaries, drainage areas, estuaries and
5   bottom sediments lying south of a line drawn from Point Defiance to Dash Point.  These waters
6   include the Thea Foss Waterway, Wheeler-Osgood Waterway, Middle Waterway, St. Paul Waterway,
7   Puyallup River from the mouth south to the present City limits, Milwaukee Waterway, Sitcum
8   Waterway, Blair Waterway, and Hylebos Waterway.  This area includes but is not limited to the
9   Commencement Bay Nearshore/Tideflats Superfund Site, as identified or amended by the EPA,
10  including the B&L Landfill, and areas affected by releases of hazardous substances within the
11  Commencement Bay Nearshore/Tideflats Superfund Site.
12        b.    "Commencement Bay Restoration Account" means the Commencement Bay
13  Natural Resource Restoration Account authorized by the Order Directing the Deposit of Natural
14  Resource Damages into the Registry of the Court in United States v. Port of Tacoma, No. C935462B
15  (W.D. Wash. Oct. 8, 1993) (attached as Appendix A).
16        c.    "DSAYs" means discounted ecological service acre-years, the metric
17  established by the Trustees to determine the scale of Natural Resource Damages liability associated
18  with the Hylebos Waterway and the Natural Resource restoration efforts needed to compensate for
19  injury to, destruction or loss of Natural Resources giving rise to liability.
20        d.    "Defendant" means Ryder System Inc.
21        e.    "Natural Resource Damages" means damages, including costs of damage
22  assessment, recoverable under Section 107 of CERCLA, 42 U.S.C. § 9607; Chapters 70.105D, 90.48
23  and 90.56 RCW; Section 311 of the Clean Water Act (CWA), 33 U.S.C. § 1321; and Section
24  1002(b)(2)(A) of the Oil Pollution Act of 1990 (OPA), 33 U.S.C. § 2702(b)(2)(A), for injury to,
25  destruction of, or loss of Natural Resources resulting from releases of hazardous substances or
26  discharges of oil to the Commencement Bay Environment at or from sites along, adjacent to or
27  draining to the Hylebos Waterway.
28

CONSENT DECREE - Page 8

U.S. Department of Justice
NOAA GC - DOJ DARC
7600 Sand Point Way NE
Seattle, WA 98115-0070
(206) 526-6604

f. "Parties" mean the United States, the State of Washington, the Puyallup Tribe of Indians, the Muckleshoot Indian Tribe and Ryder System Inc.

g. "Plaintiffs" mean the United States, the State, the Puyallup Tribe of Indians, and the Muckleshoot Indian Tribe.

h. "Trustees" mean the United States Department of Commerce, acting through NOAA; the Department of the Interior; the Washington State Department of Ecology, on behalf of the State of Washington; the Puyallup Tribe of Indians; and the Muckleshoot Indian Tribe.

## VI. GENERAL PROVISIONS

4. The Complaint states claims upon which relief may be granted.

5. Nothing in this Consent Decree shall be construed as an admission of liability by the Defendant for any claims or allegations made in the Complaint or in this Consent Decree.

6. This Consent Decree shall not be used as evidence in against any Party in any action or proceeding other than an action or proceeding to enforce the terms of this Consent Decree.

## VII. PAYMENT OF NATURAL RESOURCE DAMAGES AND DAMAGE ASSESSMENT COSTS

7. Within 30 days of entry of this Decree, Defendant will pay to the Trustees $22,152.00 for Natural Resource Damages. This payment will be made by a certified check made payable to the Clerk of the Court. This check will be deposited in the Commencement Bay Natural Resource Restoration Account.

8. Within 30 days of entry of this Decree, Defendant will pay to the Trustees sums totaling $3,686.61 in damage assessment costs. These sums shall be paid in the following amounts and particulars:

Trustee: National Oceanic and Atmospheric Administration
Amount: $2,973.98

Trustee: U.S. Department of the Interior
Amount: $497.21

Payments to NOAA and the U.S. Department of the Interior shall be made by FedWire Electronic

CONSENT DECREE - Page 9

U.S. Department of Justice
NOAA GC - DOJ DARC
7600 Sand Point Way NE
Seattle, WA 98115-0070
(206) 526-6604

Funds Transfer ("EFT") to the U.S. Department of Justice account in accordance with current EFT procedures. Payment shall be made in accordance with instructions provided to Defendant by the Financial Litigation Unit of the U.S. Attorney's Office of the Western District of Washington. Any payments received by the Department of Justice after 4:00 p.m. Eastern Standard Time shall be credited on the next business day. Defendant shall provide at least five days notice to the Financial Litigation Unit before making the transfer.

Payments to the other Trustees shall be made by certified checks, bearing the notation "Ryder System, Inc. - Commencement Bay Assessment Costs," in the amounts indicated and made payable and addressed as follows:

Trustee:   State of Washington
Amount:    $61.35
Payee:     State of Washington/Department of Ecology
Address:   State of Washington
           Department of Ecology
           Attention: Cashiering Section
           P.O. Box 5128
           Lacey, WA 98503-0210

Trustee:   Puyallup Tribe of Indians
Amount:    $140.36
Payee:     Puyallup Tribe of Indians
Address:   Mr. William Sullivan
           Environmental Protection Department
           Puyallup Tribe of Indians
           2002 E. 28th Street
           Tacoma, WA 98404

Trustee:   Muckleshoot Indian Tribe
Amount:    $13.71
Payee:     Muckleshoot Indian Tribe
Address:   Mr. Rob Otsea
           Office of the Tribal Attorney
           Muckleshoot Indian Tribe
           39015 172nd Avenue S.E.
           Auburn, WA 98002

9. At the time of each payment Defendant will send notice that payment has been made to the Trustees and DOJ in accordance with Section XIV (Notices and Submissions). Such notice

CONSENT DECREE - Page 10

U.S. Department of Justice
NOAA GC - DOJ DARC
7600 Sand Point Way NE
Seattle, WA 98115-0070
(206) 526-6604

will reference Commencement Bay NRDA, DOJ case number 90-11-2-1049, and the civil action number.

## VIII. FAILURE TO COMPLY WITH CONSENT DECREE

10. Interest on Late Payments. If Defendant fails to make any payment under Paragraphs 7 and 8 by the required due date, interest shall be assessed at the rate specified for interest on investments of the EPA Hazardous Substance Superfund established by 26 U.S.C. § 9507, compounded annually on October 1 of each year in accordance with 42 U.S.C. § 9607(a). The applicable rate of interest is the rate in effect at the time the interest accrues. The rate of interest is subject to change on October 1 of each year. Interest will continue to accrue on the unpaid balance through the date of payment.

11. Stipulated Penalties.

   a. If any amounts due under Paragraphs 7 and 8 are not paid by the required date, Defendant will be in violation of this Decree and, as a stipulated penalty, in addition to the interest required by Paragraph 10, will increase the financial contributions it makes under this Consent Decree to fund habitat restoration actions by paying the Trustees $1,000 per violation per week that such payment is late. After the second week that such payment is late, the stipulated penalty shall apply to each additional day that the payment is late.

   b. Stipulated penalties are due and payable within 30 days of the date of the demand for payment of the penalties by the Trustees. All payments to the Trustees under this Paragraph will be made by a certified check made payable to the Clerk of the Court. This check will be deposited in the Commencement Bay Restoration Account.

   c. At the time of each payment, Defendant will send notice that payment has been made to the Trustees and DOJ in accordance with Section XIV (Notices and Submissions). This notice will reference Commencement Bay NRDA, DOJ Case Number 90-11-2-1049, and the civil action number.

   d. Penalties will accrue as provided in this Paragraph regardless of whether the Trustees have notified Defendant of the violation or made a demand for payment, but the penalties

CONSENT DECREE - Page 11

U.S. Department of Justice
NOAA GC - DOJ DARC
7600 Sand Point Way NE
Seattle, WA 98115-0070
(206) 526-6604

1  need only be paid upon demand. All penalties will begin to accrue on the day after payment is due
2  and will continue to accrue through the date of payment. Nothing in this Decree prevents the
3  simultaneous accrual of separate penalties for separate violations of this Decree.

4       12.    If Plaintiffs bring an action to enforce this Decree and prevail, Defendant will
5  reimburse Plaintiffs for all costs of such action, including but not limited to reasonable attorneys' fees.

6       13.    Payments made under this Section are in addition to any other remedies or sanctions
7  available to Plaintiffs by virtue of Defendant's failure to comply with the requirements of this Decree.

8       14.    Notwithstanding any other provision of this Section, Plaintiffs may, in their
9  unreviewable discretion, waive payment of any portion of the stipulated penalties that have accrued
10 pursuant to this Decree. Payment of stipulated penalties does not excuse Defendant from payment
11 as required by Section VII or from performance of any other requirement of this Consent Decree.

12      15.    The Trustees may use sums paid as stipulated penalties under Paragraph 11 to pay
13 unreimbursed damage assessment costs and/or to fund or contribute to additional actions to restore
14 Commencement Bay Natural Resources.

### IX. COVENANT NOT TO SUE BY PLAINTIFFS

16      16.    Except as specifically provided in Section X (Reservations of Rights) below, Plaintiffs
17 covenant not to sue or to take administrative action against Defendant pursuant to Section 107(a) of
18 CERCLA, 42 U.S.C. § 9607(a); Chapters 70.105D, 90.48 and 90.56 RCW; Section 311 of the Clean
19 Water Act (CWA), 33 U.S.C. § 1321; or Section 1002(a) of the Oil Pollution Act of 1990 (OPA),
20 33 U.S.C. § 2702(a), to recover Natural Resource Damages. This covenant not to sue will take effect
21 upon receipt by the Registry of the Court and by each of the Trustees of all payments required by,
22 Paragraphs 7 and 8 of Section VII. This covenant not to sue is conditioned upon the satisfactory
23 performance by Defendant of its obligations under this Decree. This covenant not to sue extends only
24 to Defendant and its heirs, successors, and assigns, and does not extend to any other

CONSENT DECREE - Page 12

U.S. Department of Justice
NOAA GC - DOJ DARC
7600 Sand Point Way NE
Seattle, WA 98115-0070
(206) 526-6604

person. Compliance with this Decree shall satisfy any and all Natural Resource Damages obligations of Defendant relating to the Hylebos Waterway.

## X. RESERVATIONS OF RIGHTS

17. Plaintiffs reserve, and this Decree is without prejudice to, all rights against Defendant with respect to all matters not expressly included within the Covenant Not to Sue by Plaintiffs in Paragraph 16. Notwithstanding any other provision of this Decree, Plaintiffs reserve, and this Decree is without prejudice to, all rights against Defendant with respect to:

   a. liability for failure of Defendant to meet a requirement of this Decree;

   b. liability for costs of response, as defined at 42 U.S.C. § 9601, incurred or to be incurred by Plaintiffs.

   c. liability for injunctive relief or administrative order enforcement under Section 106 of CERCLA, 42 U.S.C. § 9606, and

   d. criminal liability to the United States or State.

## XI. REOPENERS

18. Notwithstanding any other provision of this Consent Decree, the Plaintiffs reserve, and this Consent Decree is without prejudice to, the right to institute proceedings against Defendant in this action or in a new action for:

   a. Claims based on a failure of Defendant to satisfy the requirements of this Consent Decree; and

   b. Additional claims for Natural Resource Damages if conditions, factors or information in the Commencement Bay Environment, not known to the Trustees at the time of entry of this Consent Decree, are discovered that, together with any other relevant information, indicates that there is a threat to the environment, or injury to, destruction of, or loss of Natural Resources of a type unknown, or of a magnitude significantly greater than was known, at the time of entry of this Consent Decree, which is attributable to the Defendant.

U.S. Department of Justice
NOAA GC - DOJ DARC
7600 Sand Point Way NE
Seattle, WA 98115-0070
(206) 526-6604

## XII.  COVENANT NOT TO SUE BY DEFENDANT

19. Defendant covenants not to sue and agrees not to assert any claims or causes of action against the United States, the State, the Puyallup Tribe of Indians and the Muckleshoot Indian Tribe or their contractors or employees, for any civil claims or causes of action relating to Natural Resource Damages.

## XIII.  EFFECT OF SETTLEMENT/CONTRIBUTION PROTECTION

20. Nothing in this Consent Decree shall be construed to create any rights in, or grant any cause of action to, any person not a Party to this Consent Decree.  Each of the Parties expressly reserves any and all rights (including, but not limited to, any right to contribution), defenses, claims, demands, and causes of action they each may have with respect to any matter, transaction, or occurrence relating in any way to the Commencement Bay Environment against any person not a Party hereto.

21. The Parties agree, and by entering this Consent Decree this Court finds, that Defendant is entitled, as of the effective date of this Consent Decree, to protection from contribution actions or claims as provided by CERCLA Section 113(f)(2), 42 U.S.C. § 9613(f)(2), and RCW 70.105D.040(4)(d) for Natural Resource Damages.

22. Defendant agrees that it will notify the Trustees and the United States in writing no later than 60 days before bringing a suit or claim for contribution for Natural Resource Damages. Defendant also agrees that it will notify the Trustees and the United States in writing within 10 days of service of a complaint or claim upon Defendant relating to a suit or claim for contribution for Natural Resource Damages. In addition, Defendant will notify the Trustees and the United States within 10 days of service or receipt of any Motion for Summary Judgment and within 10 days of receipt of any order from a court setting a case for trial for matters related to this Decree.

23. In any subsequent administrative or judicial proceeding initiated by the Plaintiffs for injunctive relief, recovery of response costs, or other appropriate relief other than Natural Resource Damages, Defendant shall not assert, and may not maintain, any defense or claim based upon the principles of waiver, res judicata, collateral estoppel, issue preclusion, claim-splitting, or other

CONSENT DECREE - Page 14

defenses based upon any contention that the claims raised by the Plaintiffs in the subsequent proceeding were or should have been brought in the instant case; provided, however, that nothing in this Paragraph affects the enforceability of the covenants not to sue set forth in Paragraphs 16 and 19.

### XIV. NOTICES AND SUBMISSIONS

24. Whenever notice is required to be given or a document is required to be sent by one Party to another under the terms of this Decree, it will be directed to the individuals at the addresses specified below, unless those individuals or their successors give notice of a change to the other Parties in writing. Written notice as specified constitutes complete satisfaction of any written notice requirement of the Decree for Plaintiffs and Defendant.

As to the United States and as to DOJ:

Chief, Environmental Enforcement Section
Environment and Natural Resources Division
U.S. Department of Justice
P.O. Box 7611
Washington, D.C. 200447611
(DJ # 90-11-2-1049)

As to NOAA:

Robert A. Taylor
NOAA Office of General Counsel GCNR/NW
7600 Sand Point Way NE
Seattle, WA 981150070

As to the United States Department of the Interior:

Jeff Krausmann
U.S. Fish & Wildlife Service
510 Desmond Dr. SE, Suite 102
Lacey, WA 985031263

As to the State:

Craig Thompson
Toxics Cleanup Program
State of Washington

CONSENT DECREE - Page 15

U.S. Department of Justice
NOAA GC - DOJ DARC
7600 Sand Point Way NE
Seattle, WA 98115-0070
(206) 526-6604

P.O. Box 47600
Olympia, WA 98504-7600

As to the Puyallup Tribe of Indians:

Bill Sullivan
Environmental Department
Puyallup Tribe of Indians
1850 Alexander Avenue
Tacoma, WA 98421

As to the Muckleshoot Indian Tribe:

Mr. Rob Otsea
Office of the Tribal Attorney
Muckleshoot Indian Tribe
39015 172nd Avenue S.E.
Auburn, WA 98002

As to Defendant:

Richard W. Elliott
David J. Ubaldi
Davis Wright Tremaine, LLP
Suite 2300
777 108th Avenue NE
Bellevue, WA 980045149

## XV.  EFFECTIVE DATE

25.     The effective date of this Consent Decree shall be the date upon which this Consent Decree is entered by the Court, except as otherwise provided herein.

## XVI.  RETENTION OF JURISDICTION

26.     This Court will retain jurisdiction over this matter for the purpose of interpreting and enforcing the terms of this Decree.

## XVII.  INTEGRATION/APPENDICES

27.     This Decree and its appendices constitute the final, complete, and exclusive agreement and understanding with respect to the settlement embodied in this Decree. The Parties acknowledge that there are no representations, agreements, or understandings relating to the settlement other than

CONSENT DECREE - Page 16

U.S. Department of Justice
NOAA GC - DOJ DARC
7600 Sand Point Way NE
Seattle, WA 98115-0070
(206) 526-6604

those expressly contained in this Decree. No material modifications of this Decree may be made unless the Parties agree in writing to the modification, and the Court approves the requested modification. The following appendices are attached to and incorporated into this Consent Decree:

Appendix A is the Order Directing the Deposit of Natural Resource Damages into the Registry of the Court in United States v. Port of Tacoma, No. C935462B (W.D. Wash. Oct. 8, 1993).

## XVIII. TERMINATION

28.     This Decree shall terminate upon written notice, made in accordance with Section XIV, by Defendant to all Plaintiffs that the payments required by Section VII have been made, and subsequent written notice by the United States confirming the performance by Defendant of its obligations under this Decree. Such notice by the United States shall be sent within ten (10) calendar days of receipt by all Plaintiffs of the required payments and notice from Defendant. If the United States fails to send such notice, this Decree shall terminate automatically on the eleventh day following receipt by all Plaintiffs of the required payments and notice from Defendant. The following provisions of this Decree shall survive termination: Section IX ("Covenant Not To Sue By Plaintiffs"); XII ("Covenant Not To Sue by Defendant"); Section XIII ("Effect Of Settlement/Contribution Protection"); Section X ("Reservation of Rights") and Section XI ("Reopeners").

## XIX. LODGING AND OPPORTUNITY FOR PUBLIC COMMENT

29.     This Decree will be lodged with the Court for a period of not less than 30 days for public notice and comment. The Plaintiffs each reserve the right to withdraw or withhold their consent if the comments regarding the Decree disclose facts or considerations that indicate this Decree is inappropriate, improper, or inadequate. Defendant consents to the entry of this Decree without further notice.

30.     If for any reason this Court declines to approve this Decree in the form presented, this agreement may be voided at the sole discretion of any Party, and the terms of the agreement may not be used as evidence in any litigation between the Parties.

U.S. Department of Justice
NOAA GC - DOJ DARC
7600 Sand Point Way NE
Seattle, WA 98115-0070
(206) 526-6604

## XX.  SIGNATORIES/SERVICE

31. The Assistant Attorney General for the Environment and Natural Resources Division of the United States Department of Justice and each undersigned representative of the State, the Puyallup Tribe of Indians, the Muckleshoot Indian Tribe and Defendant certifies that he or she is authorized to enter into the terms and conditions of this Decree and to execute and bind legally the Party that he or she represents to this document.

32. Defendant agrees not to oppose entry of this Decree by this Court or to challenge any provision of this Decree unless any Plaintiff has notified Defendant in writing that it no longer supports entry of the Decree.

33. Defendant will identify on the attached signature page the name and address of an agent who is authorized to accept service of process by mail on behalf of it with respect to all matters relating to this Decree. Defendant agrees to accept service in that manner and to waive the formal service requirements set forth in Rule 4 of the Federal Rules of Civil Procedure and any applicable local rules of this Court, including but not limited to service of a summons.

## XXI.  FINAL JUDGMENT

34. Upon approval and entry of this Decree by the Court, this Decree will constitute the final judgment between and among the United States, the State, the Puyallup Tribe of Indians, the Muckleshoot Indian Tribe, and Defendant. The Court finds that there is no just reason for delay and therefore enters this judgment as a final judgment under Fed. R. Civ. P. 54 and 58. Subject to Paragraph 12 of this Decree (enforcement), each Party shall bear its own costs, including attorneys' fees, in the action resolved by this Decree.

IT IS SO ORDERED THIS 12th DAY OF MAY, 2006.

*Robert J. Bryan* (signature)
Robert J. Bryan
United States District Judge

CONSENT DECREE - Page 18

U.S. Department of Justice
NOAA GC - DOJ DARC
7600 Sand Point Way NE
Seattle, WA 98115-0070
(206) 526-6604

THE UNDERSIGNED PARTIES enter into this Consent Decree in United States, et al. v. Ryder System, Inc.

FOR THE UNITED STATES OF AMERICA

Date:  1/23/06                                                  s/
                                                                Sue Ellen Wooldridge
                                                                Assistant Attorney General
                                                                Environment and Natural Resources Division
                                                                U.S. Department of Justice
                                                                Washington, D.C.  20530

FOR THE STATE OF WASHINGTON

Date:  9/5/05                                                   S/_____

Date : 8/31/05                                                  S/_____
                                                                Assistant Attorney General
                                                                State of Washington

FOR THE PUYALLUP TRIBE OF INDIANS

Date: 9/7/05                                                    _____

FOR THE MUCKLESHOOT INDIAN TRIBE

Date: 11/4/05                                                   _____

CONSENT DECREE - Page 19

U.S. Department of Justice
NOAA GC - DOJ DARC
7600 Sand Point Way NE
Seattle, WA 98115-0070
(206) 526-6604

1 FOR RYDER SYSTEM, INC.

3 Date: 9/16/05_____                    s/_____

8 Agent authorized to receive service of process by mail on behalf of Ryder System, Inc. with
9 respect to all matters relating to this Decree:

Ryder System Inc.
Attn:  Sanford J. Hodes, Esq.
3600 N.W. 82nd Avenue
Miami, FL  33166

CONSENT DECREE - Page 20

U.S. Department of Justice
NOAA GC - DOJ DARC
7600 Sand Point Way NE
Seattle, WA 98115-0070
(206) 526-6604